### Troendle v. Steger.

(Decided May 22, 1914.)

### Appeal from Christian Circuit Court.

1. Contracts—Action for Damages for Failure to Deliver Wheat—Evidence.—In an action for damages for failure to deliver wheat if the contract price was 80 cents a bushel to be delivered from the thresher, and the market price at that time was less than 80 cents, the plaintiff was entitled at most to only nominal damages and the court erred in not so instructing the jury.

2. Contracts—Action for Damages for Failure to Deliver Wheat—Evidence.—If the time of delivery was during the threshing season as it appears from the evidence to have been, it was improper to permit plaintiff to prove the market value as of the 30th of September, for the market price then could not be used as a basis to fix damage for failure to deliver at the middle of July.

W. T. FOWLER, DOWNER & RUSSELL and FOWLER & WHITE for appellant.

DOUGLAS BELL and TRIMBLE & BELL for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee in this action for damages alleges that in the summer of 1911 he bought from appellant the whole of his wheat crop raised that year, estimated to be 6,000

bushels, at the price of eighty cents per bushel, to be delivered at Fidelia Station, in Christian County; that the defendant failed and refused to deliver to the plaintiff 1,617½ bushels of the wheat so purchased by him, and that said wheat was worth at the time it should have been delivered under said contract $1.00 per bushel, whereby he was damaged. It is further claimed in the petition that the plaintiff furnished a large number of sacks to the defendant and that he failed to return 812 of them.

The allegation in the petition as to the time of delivery of wheat is: "And defendant agreed to deliver to plaintiff at the railroad depot * * * his entire crop of wheat raised that year, and estimated to be 6,000 bushels, and to return to plaintiff all of the wheat sacks furnished him under the contract, all of which was to be done by defendant on or before January 1, 1912."

The defendant answered, denying that he had sold his wheat to the plaintiff under the terms of any such alleged contract or upon any terms whatever, and alleging that he had sold his crop of wheat to the Dunlop Milling Company, of Clarkesville, Tennessee, and had delivered a large portion of it to the plaintiff as the agent of that company when some difference arose between him and the Dunlop Milling Company as to weights, whereupon he ceased the delivery.

On the trial the jury found for the plaintiff the value of 812 sacks as shown by the evidence, and damages at the rate of twenty cents a bushel for the failure to deliver the 1,617½ bushels of wheat.

The evidence for the plaintiff failed to show the time of delivery of the wheat under the terms of his contract as alleged; but the defendant in his testimony stated that under the terms proposed by him to the plaintiff, as well as under the terms of his contract with the Dunlop Milling Company, the wheat was to be delivered from the thresher; and in fact that part which was delivered, was delivered immediately after the threshing.

There is no evidence in the record as to the market price of wheat at threshing time except that of the plaintiff himself, who says it was then worth only seventy-eight cents per bushel. Plainly, if the contract price was eighty cents to be delivered from the thresher and the market price was at that time less than eighty cents,

the plaintiff was entitled at most to only nominal damages, and the court should have so instructed the jury.

The plaintiff was permitted by the court to prove that on the 30th of September, 1911, several weeks after the threshing, and several weeks after the larger part of the wheat was delivered, under the contract either with Steger or the Dunlop Milling Company, that the market price of wheat was $1.00. If the time of delivery was during the threshing season clearly it was improper to permit the plaintiff to prove the market value at so late a period as the 30th of September. The market price on the 30th of September certainly could not be used as a basis to fix damages for the failure to deliver wheat the first half of July.

The plaintiff in his evidence fails to fix the time of delivery under the terms of his alleged contract, and it is perfectly apparent from the only evidence on that subject that if there was in fact a contract between him and the defendant that the delivery was to be from the thresher.

We fail to see any other error in the record; but for the reasons given the judgment is reversed, with directions to grant appellant a new trial.